**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| |
|---|
| **BAYMONT FRANCHISE SYSTEMS, INC.,** <br><br> *Plaintiff*, <br><br> v. <br><br> **THE LAKE SHORE HOSPITALITY INC.,** **and EDOM LYATUU,** <br><br> *Defendants.* |

**Civil Action No. 24-03253**

**ORDER**

**THIS MATTER** comes before the Court by way of Plaintiff Baymont Franchise Systems, Inc.'s ("BFS" or "Plaintiff") Motion for Default Judgment against Defendants The Lake Shore Hospitality Inc. ("Lake Shore Hospitality") and Edom Lyatuu ("Lyatuu," and with Lake Shore Hospitality, "Defendants"), ECF No. 8 (the "Motion");

and it appearing that this action arises out of Defendants' alleged breach of three agreements between Plaintiff and Defendants: a franchise agreement, a subscription agreement, and a personal guaranty, see generally ECF No. 1 ("Compl");

and it appearing that on or about December 5, 2016, Plaintiff entered into a franchise agreement (the "Franchise Agreement") with Lake Shore Hospitality "for the operation of a 64-room Baymont® guest lodging facility located at 29291 Amerihost Drive, Dowagiac, Michigan 49047," pursuant to which Lake Shore Hospitality agreed to operate the guest lodging facility for a twenty-year term, Compl. ¶¶ 8, 10; see also id., Ex. A (Franchise Agreement);

and it appearing that on or about December 5, 2016, Plaintiff and Lake Shore Hospitality entered into a SynXis Subscription Agreement (the "SynXis Agreement"), "which governs [Lake Shore Hospitality's] access to and use of certain computer programs, applications, features, and

services, as well as any and all modifications, corrections, updates, and enhancements to same," Compl. ¶ 9; see also id., Ex. B (SynXis Agreement);

and it appearing that, pursuant to Section 7 (Recurring Fees, Taxes and Interest), Section 18.1 (Combined Fees), and Schedule C of the Franchise Agreement, and Section 5 (Fees and Payments) and Schedule 5.1 of the SynXis Agreement, Lake Shore Hospitality is required to make certain periodic payments to Plaintiff for "royalties, system assessment fees, taxes, interest, SynXis fees, and other fees" (collectively, "Recurring Fees"), Compl. ¶ 11;

and it appearing that, "[p]ursuant to [S]ection 7.3 [(Interest)] of the Franchise Agreement, Lake Shore Hospitality agreed that interest is payable 'on any past due amount payable to [Plaintiff] under [the Franchise Agreement] at a rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid,'" id. ¶ 12 (quoting Franchise Agreement § 7.3);

and it appearing that, effective as of the executed date of the Franchise Agreement, Lyatuu provided Plaintiff with a guaranty of Defendants' obligations under the Franchise Agreement (the "Guaranty"), id. ¶ 16; see also id., Ex. C (the Guaranty);

and it appearing that Lyatuu is a principal of Lake Shore Hospitality, and signatory to the Franchise Agreement and SynXis Agreement, see, e.g., Compl. ¶ 3; id., Ex. A at 27; id., Ex. B at 13;

and it appearing that, pursuant to the terms of the Guaranty, Lyatuu agreed, inter alia, that upon Lake Shore Hospitality's default under the terms of the Franchise Agreement and upon receipt of notice to him, he would "immediately make each payment and perform or cause [Lake Shore Hospitality] to perform, each unpaid or unperformed obligation of [Lake Shore Hospitality] under the [Franchise Agreement]," see Compl., Ex. C;

2

and it appearing that the non-prevailing party of any dispute recognized as such under the

Franchise Agreement would "pay all costs and expenses, including reasonable attorneys' fees,

incurred by the prevailing party to enforce [the Franchise] Agreement or collect amounts owed

under [the Franchise] Agreement," id. ¶ 15 (citing Franchise Agreement § 17.4 (Remedies));

and it appearing that on March 15, 2024, Plaintiff commenced the present action against

Defendant, asserting claims for breach of the Franchise Agreement and Guaranty and seeking

outstanding Recurring Fees,[1] see generally id. ¶¶ 24–39;

and it appearing that Plaintiff alleges Lake Shore Hospitality "ha[s] repeatedly failed to

pay outstanding Recurring Fees" in breach of the terms of the Franchise Agreement, see id. ¶ 19;

and it appearing that Plaintiff notified Lake Shore Hospitality on three separate

occasions—January 27, 2023, October 13, 2023, and February 29, 2024—that it had failed to meet

its financial obligations under the terms of the Franchise Agreement, and that its failure to cure the

alleged monetary default after being presented the opportunity to do so on each of those dates may

result in the termination of the Franchise Agreement and/or litigation, see id. ¶¶ 20–23 (citing id.,

Exs. D–F);

and it appearing that Lake Shore Hospitality neither answered Plaintiff's letters notifying

it of its default, nor responded to Plaintiff's Complaint;

and it appearing that on June 12, 2024, Plaintiff requested an entry of default against

Defendants, see ECF No. 7;

---

[1] Plaintiff appears to plead two additional counts in its Complaint that the Court does not discuss in this Order. First, as to the First Count, Plaintiff appears to seek an accounting of Lake Shore Hospitality's financial information, including books, records, and accounts relating to gross room revenue earned. Compl. ¶¶ 24–27 (citing Franchise Agreement §§ 3.6, 4.8). Second, as to the Third Count, which is pleaded as an alternative to Plaintiff's breach of contract claim, see, e.g., Van Orman v. Am. Ins. Co., 680 F.2d 301, 310 (3d Cir 1982), Plaintiff alleges that Lake Shore Hospitality's failure to pay Recurring Fees due and owing under the Franchise Agreement constitutes unjust enrichment. Id. ¶¶ 32–35. The Court declines to address either of these counts directly, since Plaintiff seeks compensatory damages only in the form of the outstanding Recurring Fees owed to it as a result of Defendants' breaches of the Franchise Agreement and Guaranty.

and it appearing that on June 13, 2024, the Clerk entered default against Defendants for failure to plead or otherwise defend, see June 23, 2024, Docket Text;

and it appearing that on June 18, 2024, Plaintiff served a copy of the Clerk's entry of default on Defendants, see ECF No. 8.3, Ex. A;

and it appearing that on July 26, 2024, Plaintiff filed the instant Motion for Default Judgment seeking entry of judgment against Defendants, see generally Mot.;

and it appearing that the Court may enter default judgment only against properly-served defendants, see Fed. R. Civ. P. 55(b); E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that the Docket reflects that Defendants were served in accordance with New Jersey Court Rules 4:4-4 and 4:4-5, and Federal Rule of Civil Procedure 4, see ECF No. 6; Mot. at 4–5;[2]

and it appearing that before entering default judgment, the Court must determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the parties, see Fed.

---

[2] Federal Rule of Civil Procedure 4(e) provides for certain methods for properly effecting service, such as "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (2)(A)–(B). The New Jersey Rules of Court permit service upon an individual or a corporation outside of the state by "registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail," "[i]f it appears by affidavit . . . that despite diligent effort and inquiry personal service cannot be made. . . ." N.J. Ct. R. 4:4-4(b)(1).

Federal Rule of Civil Procedure 4(h) provides that service upon a domestic corporation within a judicial district of the United States shall be effected in one of two ways. First, it can be effected by "[personally] delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. . . ." Fed. R. Civ. P. 4(h)(1)(b). In addition to personal service upon an officer or agent, Rule 4(h)(1)(A) also allows a party to serve a corporation by effecting service in a manner prescribed by Rule 4(e)(1) for serving an individual. See supra.

As indicated by Plaintiff's Affidavit of Effectuated Service As To All Defendants, ECF No. 6, which includes two Affidavits of Diligent Efforts as to Lyatuu and Lake Shore Hospitality, respectively, see id., Exs. A–B, Plaintiff delivered a copy of the summons and complaint to Defendants by both ordinary mail and certified mail with return receipt requested after repeatedly attempting service of process at each defendant's listed address. Therefore, the Court finds sufficient proof of service as to Defendants.

R. Civ. P. 55(b); Mark IV Transp. & Logistics v. Lightning Logistics, Inc., 705 F. App'x 103, 108 (3d Cir. 2017);

and it appearing that the Court has subject matter jurisdiction over this action because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000,[3] see 28 U.S.C. § 1332; see also Compl. ¶¶ 1–4;

and it appearing that the Court has personal jurisdiction over Lake Shore Hospitality because Lake Shore Hospitality consented to jurisdiction "in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey," Compl. ¶ 5 (citing Franchise Agreement § 17.6.3); M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972) (holding that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances"); see also In re Diaz Contracting, Inc., 817 F.2d 1047, 1052 (3d Cir. 1987) (declaring the Bremen holding to be in accord with New Jersey law);

and it appearing that the Court has personal jurisdiction over Lyatuu because he consented to jurisdiction in this District by signing the Guaranty, pursuant to which he acknowledged that he was personally bound by Section 17 of the Franchise Agreement, see Compl. ¶ 6 & Ex. C; see also Days Inns Worldwide, Inc. v. T.J. LLC, No. 16-8193, 2017 WL 935443, at *2 (D.N.J. Mar. 9, 2017) ("Personal jurisdiction can be waived through a contractual forum selection clause."); Shelter Sys. Grps. Corp. v. Lanni Builders, Inc., 622 A.2d 1345, 1346–47 (N.J. Super. Ct. App.

---

[3] As to diversity of citizenship, Plaintiff attests that, upon information and belief, Lake Shore Hospitality is a Michigan corporation with its principal place of business located in Michigan. Compl. ¶ 2. Plaintiff similarly attests that, upon information and belief, Lyatuu is a citizen of Michigan. See id. ¶ 3. In contrast, Plaintiff is a Delaware corporation with its principal place of business located in New Jersey. Compl. ¶ 1. As to amount-in-controversy, Plaintiff seeks damages in the amount of $123,648.22. See, e.g., Mot. at 6; ECF No. 8.4 ¶ 19 (Affidavit of Kendra Mallet ("Mallet Aff.")).

Div. 1993) (holding that where a party executes a guaranty for a contract in which a forum selection clause exists, that party is also subject to the terms of the forum selection clause);

and it appearing that venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391;

and it appearing that before entering a default judgment, a court must also determine whether the plaintiff's complaint sufficiently pleads a cause of action and whether the plaintiff has proven damages, Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536–38 (D.N.J. 2008);

and it appearing that to "state a claim for breach of contract, [Plaintiff] must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations," Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007);

and it appearing that the Complaint sufficiently states a claim for breach of contract by alleging that: (1) Lake Shore Hospitality entered into the Franchise Agreement—a valid and enforceable contract—with Plaintiff; (2) Lyatuu executed and provided Plaintiff with the Guaranty, which obligates Lyatuu to ensure payment and/or performance under the Franchise Agreement; (3) Lake Shore Hospitality breached the Franchise Agreement when it failed to pay Plaintiff outstanding Recurring Fees; (4) Lyatuu was obligated to pay outstanding Recurring Fees to Plaintiff under the Guaranty; (5) Lyatuu breached the Guaranty by failing to pay outstanding Recurring Fees; (6) Plaintiff has suffered damages because of Defendants' breach, specifically their failure to pay outstanding Recurring Fees, see Compl. ¶¶ 8–23; Mallett Aff. ¶¶ 3–19;

and it appearing that the Court must also consider: (1) whether the party subject to default has a litigable defense; (2) the prejudice suffered by the party seeking default if default is denied;

6

and (3) whether defendant's delay is due to culpable conduct, <u>Allaham v. Naddaf</u>, 635 F. App'x 32, 36 (3d Cir. 2015);

and it appearing that as to a litigable defense, the Court finds that Defendants cannot claim a litigable defense based on the facts in the record, considering Plaintiff has provided ample evidence that Defendants entered into and breached the unambiguous terms of the Franchise Agreement and Guaranty, Compl. ¶¶ 8–23; <u>see also</u> Mallet Aff. ¶¶ 3–19;

and it appearing that Plaintiff has been prejudiced by Defendants' failure to defend this lawsuit because Plaintiff has "incurred additional costs, has been unable to move forward the prosecution of its lawsuit, and has been delayed in receiving relief, which [is] due and owing," Mot. at 6;

and it appearing that as for culpability, the Court finds that Defendants' failure to answer evinces culpability and that "[t]here is nothing before the Court to show that the [Defendants'] failure to file an answer was not willfully negligent," <u>Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.</u>, No. 11-624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011);

and it appearing that the Court is satisfied that Plaintiff has demonstrated damages for outstanding Recurring Fees from Defendants in the amount of $123,648.22, inclusive of interest calculated at the legal rate of 1.5% per month pursuant to Section 7.3 of the Franchise Agreement, and through the Mallet Affidavit and the detailed itemized statement contained therein, <u>see generally</u> Mallet Aff.; <u>id.</u>, Ex. G;

**IT IS** on this 25th day of February, 2025;

**ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 8, is **GRANTED**; and it is further

**ORDERED** that judgment is hereby entered against Defendants Lake Shore Hospitality and Edom Lyatuu in the amount of $123,648.22 for outstanding Recurring Fees (principal plus prejudgment interest).

s/ *Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**UNITED STATES DISTRICT JUDGE**

8